IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDDIE CLARENCE BOYD, | : | |
| Plaintiff, | : | |
| v. | : | |
| Lieutenants TOMMY EDWARDS, EARL PRESLEY, and KENNETH FARLEY, Officer BRYAN YOUNG, Mental Health Counselor SEBRENA GRANT, and Warden SHEILA OUBRE, | : | NO. 5:13-cv-269-MTT-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **EDDIE CLARENCE BOYD**, an inmate at Baldwin State Prison ("BSP"), has filed a *pro se* 42 U.S.C. § 1983 lawsuit (Doc.1) and a motion to proceed *in forma pauperis* ("IFP") (Doc. 2). Based on Plaintiff's financial information, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of BSP.

I. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner

1

complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a

litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this action against the following BSP personnel: Lieutenants Tommy Edwards, Earl Presley, and Kenneth Farley, Officer Bryan Young, and Mental Health Counselor Sebrena Grant, and Warden Sheila Oubre. On May 4, 2013, Lieutenant Presley, pursuant to Mental Health Counselor Grant's authorization, moved Plaintiff, who was "on protective custody" status, into a cell with another inmate. According to Plaintiff, his cellmate was a former "G.D." gang member, who was "forbidden to share a[] cell with any inmate because of his violent conduct and [] previous inmates ha[d] been attacked by this inmate."

The following day, Plaintiff's cellmate hit Plaintiff in the eye with an object, which knocked Plaintiff out momentarily. Plaintiff banged on his cell door and got the attention of Officer Young, who allegedly refused Plaintiff's requests to be moved and taken to medical. Ten minutes later, Plaintiff asked the same of Lieutenants Edwards and Farley, who likewise declined Plaintiff's requests. Plaintiff tried to get Edwards to open the window flap to see Plaintiff, but Edwards said he "ain't doing shit, lay down." Plaintiff's cellmate allegedly went to the window and "shouted to both Lt.'s, [']y'all think this is a joke, I'm going to wet this nigger's ass up in

3

here.[']"  The inmate then attacked Plaintiff a second time, hitting him in the face and head. Plaintiff complains that the two floor officers, Defendant Young and Johnson (not named as a Defendant), ignored Plaintiff's repeated attempts to get help by banging and kicking on the cell door.  Plaintiff's cellmate allegedly attacked him two more times in the middle of night, including hitting Plaintiff in the same eye.

Officer Young removed Plaintiff from the cell sometime around breakfast and Plaintiff was rushed to a hospital, where he was told he had a double concussion and a serious eye injury. Plaintiff apparently underwent two surgeries in two weeks, but the doctors were unable to save Plaintiff's eye.

Although Plaintiff sues Warden Oubre, he does not allege any facts whatsoever regarding Oubre.  Plaintiff attached a copy of a grievance response from Oubre, wherein she denies Plaintiff's post-incident grievance as untimely (Doc. 1, p. 13).

### III.  DISCUSSION

#### A.  *Warden Sheila Oubre*

It is unclear why Plaintiff sues Warden Oubre.  "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." ***LaMarca v. Turner****,* 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted).  Plaintiff alleges no such causal connection with respect to Oubre.  To the extent Plaintiff wishes to sue Oubre for denying his grievance, "[a]n inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."  ***See Bingham v. Thomas***, 654 F.3d 1171, 1177 (11th Cir. 2011).  Moreover, Plaintiff has failed to allege any facts suggesting that Oubre was aware of Plaintiff being in danger

4

prior to the May 2013 attack.  A prison official whose only role in an incident is knowledge, after-the-fact, is not liable under section 1983.  ***See e.g., Lee v. Michigan Parole Bd.***, 104 F. App'x 490, 493 (6th Cir. 2004). ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").  Moreover, Warden Oubre cannot be held liable under section 1983 merely by virtue of her supervisory position.  ***See Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir.2003) (holding that supervisory officials may not be held liable under section 1983 solely on a theory of *respondeat superior*).

Accordingly, it is hereby **RECOMMENDED** that Warden Oubre be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B.  *Remaining Defendants*

Plaintiff has stated sufficient facts for his claims against Defendants Lieutenants Tommy Edwards, Earl Presley, and Kenneth Farley, Officer Bryan Young, and Mental Health Counselor Sebrena Grant to proceed beyond this initial screening.  Accordingly, it is hereby **ORDERED** that service be made on these five Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party,

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED**, this 18th day of October, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
