IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDDIE CLARENCE BOYD, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:13-cv-269 (MTT) (CHW) |
| Lieutenant TOMMY EDWARDS, *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

Now before the Court is a Motion to Dismiss filed by the Defendants, Tommy Edwards, Bryan Young, Earl Presley, Kenneth Farley and Sabrina Grant. (Doc. 15). Because Plaintiff failed to exhaust his administrative remedies, it is **RECOMMENDED** that the Defendants' Motion be **GRANTED**, and that Plaintiff's complaint be **DISMISSED**.

### BACKGROUND

Plaintiff, an inmate at Baldwin State Prison, claims that he was repeatedly assaulted by his cellmate over a twenty-four-hour period, on May 5 and May 6, 2013. (Doc. 1, pp. 3-4). According to Plaintiff, the assaults resulted in a "double concussion" and the loss of an eye. (Doc. 1, p. 10). Plaintiff claims he was moved to cell K-3-3, where the attacker was housed, by Defendant Presley at the behest of Defendant Grant, Plaintiff's mental health counselor. (Doc. 1, p. 3). Plaintiff's attacker was, according to Plaintiff, "forbidden to share a[] cell with any inmate because of his violent conduct and [because] previous inmates ha[d] been attacked." (*Id.*). Once the attacks began, Plaintiff claims that Defendants Edwards, Young, Presley and Farley "refused to assist." (Doc. 1, p. 4).

1

After the attacks, the record shows that Plaintiff was transferred to Oconee Regional Medical Center on May 6, and then to the Augusta State Medical Prison on May 7. (Doc. 1, p. 11). Plaintiff was twice moved to the "MCG Health System HOSP," where he twice underwent surgery: first, in an unsuccessful attempt to save his eye, and second, for the removal of that eye. (Doc. 1, pp. 10-11). Plaintiff did not return to Baldwin State Prison until June 4, 2013, and in the interim—between May 6 and June 4—Plaintiff claims he was "given no access to the statewide grievance procedure." (Doc. 19, p. 3). Plaintiff did file a grievance upon his return to Baldwin State Prison, on June 6, but that grievance was rejected as untimely, and Plaintiff did not file an appeal. (Doc. 15-2, pp. 7-8; Doc. 15-3, p. 5; Doc. 19, pp. 2-3).

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust "such administrative remedies as are available" prior to pursuing a § 1983 lawsuit. 42 U.S.C. § 1997e(a). As a result, "when a state provides a grievance procedure for its prisoners, an inmate alleging harm suffered from prison conditions must . . . exhaust the remedies available under that [grievance] procedure." *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008).

The resolution of motions to dismiss for failure to exhaust involves a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). At step one, the Court "looks to the factual allegations . . . and if they conflict, [the Court] takes the [P]laintiff's version of the facts as true." *Id.* If the defendants are nevertheless entitled to have the complaint dismissed for failure to exhaust, the Court must dismiss. *Id.* If, however, the complaint is not subject to dismissal at step one, the Court proceeds to step two, where it "make[s] specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## ANALYSIS

Because Plaintiff failed to appeal his untimely June 6 grievance, his § 1983 complaint must be dismissed. The PLRA "entirely eliminates judicial discretion and instead mandates strict exhaustion, irrespective of the forms of relief sought." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (internal quotation marks omitted). While prisoners need only exhaust "available" administrative remedies, and while it is arguable that Plaintiff had no "available" remedy while hospitalized from May 6 to June 4, Plaintiff made no attempt to appeal his June 6 grievance as provided for by Georgia Department of Corrections' Standard Operating Procedure VI.E.2:

> The offender has 7 calendar days from the date he/she receives the response to the Original Grievance (*including a rejection as untimely*) to file a Central Office Appeal. The Grievance Coordinator or Central Office staff may waive this time limit for good cause.
>
> (Doc. 15-4, p. 11) (emphasis added)

Because Plaintiff failed to file even an out-of-time appeal, he failed meet his burden at *Turner*'s step one, and the Defendants are therefore entitled to have Plaintiff's complaint dismissed.

## CONCLUSION

In accordance with the analysis above, it is **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of April, 2014.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge